## Case No. 4,259a.

EATON v. SUPREME LODGE K. OF. H.

[22 Cent. Law J. 560.][1]

Circuit Court, S. D. Ohio. Oct. 28, 1885.

[1] [Reprinted by permission.]

J. R. Von Seggern and J. J. Glidden, for plaintiff.

James O. Pierce and Channing Richards, for defendant.

SAGE, District Judge (orally instructing jury). The question presented by the motion is, whether the evidence offered on behalf of the plaintiff, allowing to it its greatest probative force, is sufficient to support a verdict.

1. The petition alleges full compliance by deceased with all conditions of the certificate, and that he was a member of the order in good standing at the time of his death. These allegations are denied by defendant, and it is necessary for plaintiff to establish the same by evidence. The burden is upon her to prove that he had complied with the laws governing the order, that being a condition of the certificate; or to show a valid excuse for non-compliance.

The evidence she has introduced shows that Eaton did not pay assessment No. 111 when due, and under the laws of the order such non-payment deprives a member of good standing; but she attempts to excuse non-payment on various grounds.

2. The testimony does not show when notice of this assessment was served upon Eaton, but it does show that the assessment was called on December 23, 1882, and was payable on or before January 22, 1883, and if plaintiff relies upon want of due notice to excuse non-payment, she must herself prove it.

3. The receipt of an assessment after maturity is expressly forbidden by the laws of the order, and the receipt of the assessment on February 4, by the financial reporter of the local lodge, was not binding upon defendant, unless authority, express or implied, was given to receive it. No express authority has been shown, but it is claimed the receipt of previous assessments by him from Eaton after the same were past due, amounted to a waiver of prompt payment. The financial reporter of the local lodge is not an officer of the supreme lodge, or under its control; at most he is only its agent, and to establish a waiver as against defendant, by reason of his previous conduct, it must be shown that the managing officers of the supreme lodge had knowledge thereof, and acquiesced in it. There is no such testimony from which a waiver can be found.

4. It is further claimed that assessment No. 54 was improperly collected from Eaton, and the amount so collected should be credited upon No. 111. That assessment was called upon a death occurring on the same day Eaton attained the third degree in the order. The laws of the order provide that an assessment shall be collected from all members, upon whom the third degree was conferred on and before the date of the death upon which the same is called. Plaintiff has offered testimony tending to prove that No. 54 was called upon a death occurring at 9 p. m., about an hour before the degree was conferred on Eaton, and for the purposes of this motion that is to be considered as a fact established. The general rule of law is to disregard fractions of a day. If the circumstances show that it was otherwise intended, such division may be made; but in this case the language of the by-law does not warrant it, and the facts do not require it. Moreover, no objection was made by Eaton. He permitted the application of his money to that assessment, and it did not remain to his credit in either the local or supreme lodge.

5. It appears that the treasurer of the supreme lodge had a large sum of money in his hands to credit of the widows' and orphans' fund, when assessment No. 111 was called; but it also appears that orders had been drawn against it to pay death losses, sufficient when paid to reduce the fund below $2,000, which authorized the call of a new assessment. It was not necessary to await payment of the outstanding orders; the money on hand having been appropriated to the payment of certain claims, it was not in the treasury so as to prevent an assessment to provide for the payment of further claims which had been proved.

6. As to any misappropriations of previous assessments, if any there were, there is no testimony to sustain any claim of plaintiff on that account. Inasmuch as Eaton had acquiesced in such appropriation, she cannot object, and in any event it would not excuse non-payment of an assessment made to pay claims for which he was clearly liable.

7. As to "sick benefits," their allowance was within the discretion of the local lodge. There is no testimony to show that any such provision had been made by this lodge, and if there were, it was expressly made applicable to other purposes, and could not be applied by the lodge to payment of an assessment.

8. Upon the whole testimony the court finds that no valid excuse has been shown for non-payment of the assessment, and plaintiff has therefore failed to establish the allegations of her petition.

The jury is therefore instructed to return a verdict for defendant. (Which was accordingly done.)

A motion for a new trial was made on behalf of plaintiff, which, after full argument and consideration, was overruled on March 30, 1886.